Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2004-04317
### Fleet Nationakl Bank v LaSalle Business Credit LLC

FILED
IN CLERKS OFFICE

2004 OCT 20  P 12: 20

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | | | |
|---|---|---|---|---|
| File Date | 09/30/2004 | Status | Disposed: transfered to other court (dtrans) | |
| Status Date | 10/18/2004 | Session | BLS - CtRm 6 | |
| Origin | 1 | Case Type | BE1 - Fraud, business torts, etc | |
| Lead Case | | Track | B | |

| | | | |
|---|---|---|---|
| Service | | Answer | |
| Rule 15 | | Discovery | Rule12/19/20 |
| Final PTC | | Disposition | Rule 56 |
| | | Jury Trial | No |

**Plaintiff**
Fleet Nationakl Bank
Active 09/30/2004

**Private Counsel 561254**
Joseph L Demeo
Demeo & Associates PC
1 Lewis Wharf
Boston, MA 02110
Phone: 617-263-2600
Fax: 617-263-2300
Active 09/30/2004 Notify

**Defendant**
LaSalle Business Credit LLC
Served: 09/30/2004
Served (answr pending) 10/04/2004

**Private Counsel 555273**
Christopher J Panos
Craig & Macauley
600 Atlantic Avenue
Federal Reserve Plaza
Boston, MA 02210
Phone: 617-367-9500
Fax: 617-742-1788
Active 10/18/2004 Notify

| Date | Paper | Text |
|---|---|---|
| 09/30/2004 | 1.0 | Complaint (Business) |
| 09/30/2004 | | Origin 1, Type BE1, Track B. |
| 09/30/2004 | 2.0 | Civil action cover sheet filed |
| 10/01/2004 | 3.0 | Plaintiff Fleet Nationakl Bank's MOTION for appointment of special process server Suvalle, Jodry & Associates - Allowed (vanGestel,J) |
| 10/01/2004 | 4.0 | Notice of Acceptance Into The Business Litigation Session: (Allan vanGestel, Justice) Notice sent 10/01/04 |
| 10/04/2004 | 5.0 | SERVICE RETURNED: LaSalle Business Credit LLC (Defendant) by delivering in hand to Ms. Allison Liberto, Service of Process Specialist for CT Corp., System its resident agent on 9/30/04 |
| 10/18/2004 | | Certfied copy of Petition for removal to US Dist Court of deft (US Dist#04-1216DPW) |
| 10/18/2004 | | Case REMOVED this date to US District Court of Massachusetts |

I HEREBY ATTEST AND CERTIFY ON
Oct. 19, 2004
, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:
Asst. Clerk.

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) **B.L.S.** 04-4317 | Trial Court of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Fleet National Bank | La Salle Business Credit, LLC |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Demeo & Associates, PC, One Lewis Wharf, Boston, MA 02110, 617-263-2600<br>Board of Bar Overseers number Joseph Demeo 561254 | ATTORNEY (if known) |

**Origin Code**

**Original Complaint**

| CODE NO. | TYPE OF ACTION AND TRACK DESIGNATION (See reverse side) | | |
|---|---|---|---|
| | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
| BE1 BG1 | Breach of Three-Party Agreement<br>Blocked Account Service Agreement | * | ( ) Yes   (X ) No |

**The following is a full and detailed statement of the facts on which plaintiff relies to determine eligibility in to The Business Litigation Session.**

This case arises out of Defendant's breach of the terms of a Three-Party Blocked Account Service Agreement (the "Agreement"). In manifest violation of the Agreement and common law, Defendant LaSalle Business Credit LLC ("LaSalle") refuses to return more than $11,500,000 to Fleet National Bank ("Fleet"). Fleet wire transferred those funds to LaSalle after LaSalle's customer deposited checks in that amount into a blocked account at Fleet Bank. When the checks were returned for insufficient funds, Fleet demanded, pursuant to the Agreement, that LaSalle fund the overdraft. LaSalle has refused to fund the overdraft despite the absence of any credible legal or factual defense. Accordingly, Fleet brings this case for 1) breach of contract, 2) breach of the implied covenant of good faith and fair dealing, 3) unjust enrichment, (4) violation of Chapter 93A, and (5) injunctive relief.

**\*A Special Tracking Order shall be created by the Presiding Justice of the Business Litigation Session at the Rule 16 Conference.**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 9/30/04

AOTC-6 mtc005-11/99
A O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON

Oct. 19, 2004 THAT THE

FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____

Asst. Clerk.

*Suffolk Superior Civil Court.*

*04-4317*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**1 2 1 6 1**

FLEET NATIONAL BANK

Plaintiff,

v.

LASALLE BUSINESS CREDIT, LLC,

Defendant.

Case
Jud...

F I L E D
Clerk's Office
USDC, Mass.
Date 10/13/04
By _____
Deputy Clerk

## NOTICE OF REMOVAL

To:    The Judges of the United States District Court for the District of Massachusetts:

Joseph Demeo
Demeo & Associates, PC
One Lewis Wharf
Boston, MA 02110

Clerk of the Superior Court
Suffolk County, Massachusetts

Pursuant to 28 U.S.C. § 1441(a) and (b), Defendant LASALLE BUSINESS CREDIT,

LLC ("LaSalle"), a Delaware limited liability corporation, by and through its attorneys, hereby

removes the above-captioned action from the State of Massachusetts, County of Suffolk, to the

United States District Court for the District of Massachusetts.

In support of this Removal Petition, LaSalle states as follows:

## I.    The State Court Action

1.    On September 30, 2004, Plaintiff Fleet National Bank ("Fleet")

commenced an action against LaSalle in the Trial Court of Massachusetts, Superior Court

Department, Suffolk County, Massachusetts, entitled *Fleet National Bank v. LaSalle Business*

*Credit, LLC* as case number 04-4317 (the "State Court Action"). In the State Court Action, Fleet

States with a principal place of business in Boston, Massachusetts. Thus, there is complete diversity of citizenship between the parties.

    3.    Further, the complaint in the State Court Action together with its exhibits establishes that the amount in controversy exceeds $75,000. Specifically, Fleet is seeking to recover in excess of $11 million from LaSalle under five theories: breach of contract (Count I), breach of implied covenant of good faith and fair dealing (Count II), unjust enrichment (Count III), Chapter 93 (Count IV), injunctive relief (Count V) a breach of contract action against LaSalle. In addition, Fleet is seeking attorneys' fees which will be extensive in this case.

    WHEREFORE, LASALLE BUSINESS CREDIT, LLC respectfully requests that the above-captioned action now pending in the Trial Court of Massachusetts, Superior Court Department, Suffolk County, Massachusetts, case number 04-4317 and entitled *Fleet National Bank v. LaSalle Business Credit, LLC*, be removed to this Court.

October 13, 2004

Respectfully submitted,

LASALLE BUSINESS CREDIT, LLC

By: _____
Christopher J. Panos

.HEREBY ATTEST AND CERTIFY ON
Oct. 19, 2004 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____
Asst. Clerk.

Christopher J. Panos
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
Phone: (617) 367-9500
Fax:    (617) 742-1788

Bret A. Rappaport
Eric S. Rein
Bethany N. Schols
Schwartz, Cooper, Greenberger & Krauss, Chtd.
180 N. LaSalle Street, Suite 2700
Chicago, IL  60601
Phone:  (312) 346-1300
Fax:  (312) 782-8416

## CERTIFICATE OF SERVICE

I, Christopher J. Panos, an attorney, hereby certify that I caused true and correct copies of the foregoing Notice of Removal to be served upon the parties listed below via Overnight Federal Express Delivery this 13th day of October 2004.

Joseph Demeo
Demeo & Associates, PC
One Lewis Wharf
Boston, MA 02110

Clerk of the Superior Court
Suffolk County, Massachusetts

Christopher J. Panos

# COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss

**Superior Court Department
of the Trial Court
Business Litigation Session**

*04-4317 B-2-S*

|  |  |
|---|---|
| **FLEET NATIONAL BANK,**<br>**Plaintiff,** | ) ) ) |
| v. | ) ) ) Civil Action No. |
| **LaSALLE BUSINESS CREDIT LLC,**<br>**Defendant.** | ) ) ) ) ) |

## COMPLAINT

STATEMENT OF THE CASE

1.     This case arises out of Defendant's breach of the terms of a Three-Party

Blocked Account Service Agreement (the "Agreement"). In manifest violation of the

Agreement and common law, Defendant LaSalle Business Credit LLC ("LaSalle")

refuses to return in excess of $11,500,000 to Fleet National Bank ("Fleet"). Fleet wire

transferred those funds to LaSalle after LaSalle's customer deposited checks in that

amount into a blocked account at Fleet Bank. When the checks were returned for

insufficient funds, Fleet demanded, pursuant to the Agreement, that LaSalle fund the

overdraft. LaSalle has refused to fund the overdraft despite the absence of any credible

legal or factual defense. Accordingly, Fleet brings this case for 1) breach of contract, 2)

breach of the implied covenant of good faith and fair dealing, 3) unjust enrichment and 4)

violation of Chapter 93A.

<u>PARTIES</u>

2.    Fleet National Bank is a national banking association organized under the laws of the United States with a principal place of business at Boston, Massachusetts.

3.    LaSalle Business Credit LLC is a limited liability company organized under the laws of Delaware with a principal place of business at New York, New York. LaSalle maintains offices in Massachusetts, and is registered to do business in Massachusetts as a Foreign Limited Liability Company.

<u>FACTS</u>

4.    On or about February 21, 2003, Fleet, LaSalle and Gitto Global Corporation entered into a Three-Party Blocked Account Service Agreement (the "Agreement"), a true and accurate copy of which is attached to this Complaint as Exhibit A.

5.    Gitto Global Corporation ("Gitto") is a Massachusetts corporation with a principal place of business in Lunenburg, Massachusetts.

6.    As detailed in the Agreement, Gitto established a deposit account bearing account number 9429271277 at Fleet (the "Blocked Account").

7.    The parties to the Agreement agreed that LaSalle, as lender to Gitto, would have dominion and control over the funds deposited into the Blocked Account. *See* Exhibit A, ¶ 1.

8.    The Agreement provided that Fleet was to "initiate a standing daily wire transfer of all available funds in the Blocked Account to Lender's Account Number 5800370974 at LaSalle Bank." *See* Exhibit A, ¶ 4.

2

9.      The Agreement defined "Blocked Account Charges" as "any and all account adjustments, returned deposit items and overdrafts associated with the Blocked Account." Exhibit A, ¶ 6.

10.     The Agreement further provided, at paragraph 6, that:

> Promptly after, or contemporaneously with, [Fleet's] notice to [LaSalle] that any of the Blocked Account Charges have not been paid or reimbursed, [Fleet] may seek reimbursement *directly from [LaSalle]* for all such amounts, which reimbursement shall be made immediately by [LaSalle] without cost to Fleet.

(Emphasis in original).

11.     Pursuant to the Agreement, Fleet was also to be reimbursed its reasonable attorney's fees and expenses incurred in connection with the Blocked Account. *See* Exhibit A, ¶¶6, 11.

12.     Between February 2003 and mid-September 2004, the parties operated in conformity with the terms of the Agreement, and the daily total of all deposits into the Blocked Account was wired by Fleet to LaSalle by noon of the following day.

13.     Between September 13 and September 17, 2004, LaSalle's customer, Gitto, deposited checks totaling approximately $12,411,108 into the Blocked Account.

14.     In accordance with the terms of the Agreement, the Parties' twenty-month course of dealing under the Agreement and industry practice, Fleet made daily transfers of available funds in the Blocked Account to LaSalle by wire transfers of $4,365,414.53 on September 13; $4,033,832.69 on September 14; and $4,063,225.27 on September 15, 2004.

3

15.    Subsequently, nearly all of the checks deposited into the Blocked Account between September 13 and September 17 by LaSalle's customer, totaling approximately $11,890,588, were returned for insufficient funds.

16.    By letter dated Monday, September 20, 2004, Fleet advised LaSalle that the returned items deposited into the Blocked Account totaled approximately $11,700,000, and that the overdraft on the Blocked Account totaled $11,636,232.37.

17.    In that letter, a true and accurate copy of which is attached as Exhibit B, Fleet made demand on LaSalle that it immediately fund the overdraft on the Blocked Account by wire transfer, pursuant to terms of the Agreement.

18.    Also on September 20, 2004, Fleet exercised its right to terminate the Agreement.

19.    Currently, the overdraft on the Blocked Account, which LaSalle owes Fleet pursuant to the terms of the Agreement, is $11,595,325.97.


## COUNT I
### (BREACH OF CONTRACT)

20.    Fleet repeats and incorporates by reference the allegations contained in paragraphs 1 through 19 of the Complaint.

21.    LaSalle has breached the terms of the Agreement.

22.    Fleet has been damaged by LaSalle's breach of the Agreement in an amount to be determined at trial.

4

## COUNT II
### (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

23.     Fleet repeats and incorporates by reference the allegations contained in paragraphs 1 through 22 of the Complaint.

24.     LaSalle by its actions and failures to act has breached the implied covenant of good faith and fair dealing contained in the Agreement.

25.     Fleet has been damaged by LaSalle's breach of the implied covenant of good faith and fair dealing in an amount to be determined at trial.

## COUNT III
### (UNJUST ENRICHMENT)

26.     Fleet repeats and incorporates by reference the allegations contained in paragraphs 1 through 25.

27.     LaSalle has been unjustly enriched by its refusal to reimburse Fleet for the Blocked Account Charges.  Fleet has suffered a detriment as a result of LaSalle's conduct.

28.     Accordingly, Fleet is entitled to restitution from LaSalle.

## COUNT IV
### (CHAPTER 93A)

29.     Fleet repeats and incorporates by reference the allegations contained in paragraphs 1 through 28.

30.     Fleet and LaSalle are persons engaged in "trade or commerce" within the meaning of G.L. c. 93A § 1.

PRAYERS FOR RELIEF

WHEREORE, Fleet National Bank requests this Court:

1.      Enter judgment in Fleet's favor on Counts I, II and III of the Complaint in

an amount to be determined at trial together with interest, costs and attorney's fees;

2.      Enter judgment in Fleet's favor on Count IV of the Complaint in the

amount to be determined at trial, treble those damages and award Fleet its attorney

fees, together with interest and costs;

3.      Issue a preliminary injunction on Count V, after hearing, directing LaSalle

to place $11,500,000 in escrow, pending further order of this Court or agreement of

the parties, to secure the judgment Fleet is likely to obtain in this action; and

4.      Award Fleet such other and further relief as justice requires.

I HEREBY ATTEST AND CERTIFY ON

Oct. 19, 2004 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY.

Asst. Clerk.

Respectfully submitted,

**FLEET NATIONAL BANK**
By its attorneys,

Joseph L. Demeo, BBO# 561254
Lawrence S. Delaney, BBO # 557063
Stephanie Taverna Siden, BBO# 643373
Demeo & Associates, P.C.
One Lewis Wharf
Boston, MA 02110
617-263-2600

Dated:   September 30, 2004

7

9

be governed by Bank's deposit account agreement for business accounts, as amended from time to time, and Bank is hereby authorized to follow its usual operating procedures in connection with the Blocked Account.

2. **Blocked Account Restrictions on Depositor.** Depositor, by executing this Agreement and related documents, resolutions and account instructions, irrevocably authorizes and instructs Bank to comply only with Lender's standing order set forth in Section 4 to transfer funds from the Blocked Account to Lender's Account (as defined herein) or such other orders or instructions as Lender may issue. Bank shall act only upon the instructions of Lender with respect to the Blocked Account until such time as Lender gives written notice to Bank that control of the Blocked Account should be restored to Depositor. Bank may require Depositor to complete signature cards and/or other documentation at such time in order to restore control of the Blocked Account to Depositor.

3. **Depositor's Waiver of Authority.** In order further to establish the control and dominion contemplated hereby, and in order further to perfect by control Lender's security interest in the Blocked Account and the proceeds thereof, until either (a) Bank receives Lender's written notice to the contrary, given at the notice address in Section 17 below, or (b) this Agreement shall terminate, in accordance with the terms hereof, whichever shall occur first, Bank shall comply with instructions originated by Lender directing disposition of the funds in the Blocked Account without further consent from Depositor, and Depositor irrevocably waives Depositor's authority to transfer, withdraw or otherwise disburse funds from the Blocked Account. Depositor agrees promptly to pay directly and immediately to Lender any and all funds that Depositor transfers, withdraws or otherwise disburses from the Blocked Account in contravention of this Agreement.

4. **Transfers from the Blocked Account to Lender's Account.** Lender instructs Bank to initiate a standing daily wire transfer of all available funds in the Blocked Account to, Lender's Account Number 5800370974 at LaSalle Bank (name of institution), ABA Routing Number 071000505 and holding the account title  Gitto Global Corporation ("Lender's Account"). Such standing daily wire transfer shall be subject to the terms and conditions of the Funds Transfer Agreement entered into between Bank and Depositor, which shall not be subject to modification or termination by Depositor.

5. **Bank's Setoff Waiver and Subordination of Security Interest.** Bank (a) waives any right of setoff or recoupment against Depositor that Bank may have with respect to funds credited to the Blocked Account, and (b) subordinates in favor of Lender, any security interest in the Blocked Account and in any proceeds thereof. The parties agree that the foregoing setoff and recoupment waiver and subordination of security interest shall not affect Bank's right or ability to make account adjustments, charge back or otherwise seek reimbursement for any deposit items that are returned to the Blocked Account, and/or to charge the Blocked Account, for unpaid fees and expenses relating to the Blocked Account, as provided in this Agreement.

6. **Blocked Account Fees, Expenses, and Returns.** Depositor and Lender instruct Bank to charge any and all account adjustments, returned deposit items and overdrafts associated with the Blocked Account (the "Blocked Account Charges") to the Blocked Account; or, if

09/23/2004 10:58  BANK OF AMERICA  9154726327999
SEP 23 2004  05:53  12161-DP.V  BANK OF AMERICA

sufficient collected and available funds do not exist in the Blocked Account to cover the Blocked Account Charges, any other of Depositor's accounts at Bank. Promptly after, or contemporaneously with, Bank's notice to Lender that any of the Blocked Account Charges have not been paid or reimbursed, Bank may seek reimbursement *directly from Lender* for all such amounts, which reimbursement shall be made immediately by Lender, without cost to Bank. Depositor and Lender further instruct Bank to charge any and all account fees, service fees or miscellaneous expenses (including reasonable attorneys' fees incurred by Bank in connection herewith) associated with the Blocked Account (the "Fees") to Depositor's Account No. _9429271277 with Bank, or, if sufficient collected and available funds do not exist in such account, to the Blocked Account.

7.    **Release of Account Information; Periodic Statements.**  Depositor authorizes Bank to release any and all information about the Blocked Account, and any other account of Depositor at Bank, to Lender upon Lender's request. Bank may elect, but shall not be required, to release information to Lender about Depositor's other accounts at Bank. Depositor and Lender instruct Bank, and Bank agrees, to send an original or a copy of Blocked Account periodic statements to Depositor and to Lender at their respective notice addresses.

8.    **Duty to Inspect.**  Lender and Depositor shall utilize one of Bank's online transaction reporting systems, or a comparable online monitoring system of another bank, to inspect and monitor, on a daily basis, debit transactions posting against the Blocked Account and shall notify Bank, both by telephone and in writing by facsimile, of any errors, discrepancies and/or irregularities no later than 4:00 p.m. Eastern Time on the banking day immediately following the day on which the transaction containing or reflecting the error, discrepancy and/or irregularity becomes available for viewing online (unless a longer period is required by applicable law).

Except to the extent otherwise required by applicable law, failure by Lender or Depositor to comply with their respective obligations to inspect and monitor the Blocked Account and to notify Bank, both by telephone and in writing by facsimile, of errors, discrepancies and/or irregularities within the time frame indicated above shall relieve Bank of any and all liability associated with or arising from such errors, discrepancies and/or irregularities.

9.    **Security Procedures.**  Lender and Depositor shall each be responsible for maintaining the confidentiality of all security procedures adopted by Bank from time to time and for ensuring that all such security procedures are followed with respect to the Blocked Account. Lender and Depositor agree that Bank shall not be liable for any losses sustained by Lender or Depositor that result from Lender's or Depositor's breach of such security procedures. Lender and Depositor shall promptly notify Bank, both by telephone and in writing by facsimile, of any known or suspected breach of such security procedures. Lender and Depositor recognize that Bank may, from time to time, as part of such security procedures, refuse any authorized representative access to the Blocked Account.

10.    **Force Majeure.**  Bank shall not be responsible for any acts or omissions caused by events beyond Bank's reasonable control, including, without limitation, fire, casualty, breakdown in equipment, failure of telecommunications or data processing services or vendors, acts or omissions of any third party, lockout, strike, unavoidable accidents, acts of God, riot, war, acts of terrorism, or the enactment, issuance or operation of any adverse governmental law,



09/23/Case 1:04-cv-12187-NP ANDM-DPM AEN-IC Document 16-1746323P Filed 10/20/2004 Page 17 of 26 P.766
SEP-21-2004 15:54 BANK OF AMERICA Page 17 of 26 P.05-22 D05

ruling, regulation, order or decree, or an emergency that prevents Bank from operating normally. This Section shall survive the termination of this Agreement.

11. **Indemnification by Depositor.** Depositor shall indemnify and hold harmless Bank, and Bank's directors, officers, employees, agents and affiliates (collectively, the "Fleet Parties") from and against, any and all claims, demands, liabilities, actions, causes of action, losses, setoff, recoupment and expenses (including, without limitation, attorneys' fees and court costs), both legal and equitable, associated with, or connected to the Blocked Account and the services performed by Bank under this Agreement; provided that the Fleet Parties shall have no right to be indemnified for their own willful misconduct or gross negligence. This Section shall survive the termination of this Agreement.

12. **Limits on Bank's Liability to Lender and to Depositor.** Lender and Depositor agree that, except as otherwise required under applicable law, Bank's liability to Lender and/or to Depositor for failing to perform in accordance with the terms of this Agreement shall be limited to the actual, direct damages proximately caused by Bank's gross negligence or willful misconduct, and, in any event, shall not exceed the Blocked Account service fees charged by the Bank in connection with the Blocked Account for the most recent twelve month period; provided, however, that if Bank fails to exercise ordinary care or to act in good faith, nothing in this Agreement is intended to limit the amount of damages that Bank is expressly required to pay under the Uniform Commercial Code, as in effect from time to time in the Commonwealth of Massachusetts, if the Uniform Commercial Code would not permit the parties to limit the amount of damages in the manner set forth herein. BANK SHALL NOT BE LIABLE, IN ANY EVENT, TO LENDER AND/OR TO DEPOSITOR, FOR ANY SPECIAL, INCIDENTAL, INDIRECT OR CONSEQUENTIAL DAMAGES WHICH LENDER AND/OR DEPOSITOR MAY INCUR OR SUFFER IN CONNECTION WITH THIS AGREEMENT, REGARDLESS OF WHETHER BANK KNEW OF THE LIKELIHOOD OF SUCH LOSS OR DAMAGE, AND REGARDLESS OF THE BASIS, THEORY OR NATURE OF THE ACTION UPON WHICH LENDER AND/OR DEPOSITOR, AS APPLICABLE, ASSERTS A CLAIM. This Section shall survive the termination of this Agreement.

13. **Term and Termination.** Except as otherwise expressly provided herein, the parties agree that this Agreement shall terminate only after (a) Bank receives Lender's written notice to terminate this Agreement and return full dominion and control over the Blocked Account and all available funds in the Blocked Account to Depositor; or (b) Bank sends written notice to Depositor and Lender thirty (30) days prior to terminating this Agreement, closing the Blocked Account and disbursing the funds remaining in the Blocked Account to Lender or pursuant to Lender's written instructions. Bank may terminate this Agreement immediately, close the Blocked Account and disburse the funds remaining in the Blocked Account to Lender or pursuant to Lender's written instructions (i) if Bank determines that Depositor has failed to maintain a financial condition deemed reasonably satisfactory to Bank to minimize any credit or other risks to Bank in providing the Blocked Account, (ii) in the event of a material breach of any agreement between Depositor and Bank,' or (iii) if Bank deems immediate termination necessary or appropriate in order to prevent a financial loss to Bank. No such termination shall affect any right or obligation arising under this Agreement prior to the effective date of termination, nor shall it affect any right or obligation which, by its terms, is intended to survive



such termination, including without limitation Sections 10, 11, 12 and 13. No such termination shall render unperfected Lender's security interest in the Blocked Account and its proceeds unless Lender has instructed Bank to return full dominion and control over the Blocked Account and/or all available funds in the Blocked Account to Depositor. Depositor shall not have power unilaterally to instruct Bank to terminate this Agreement and/or to close the Blocked Account. This Section shall survive the termination of this Agreement.

14.    **Insolvency of Depositor.** In the event that (a) Depositor becomes subject to a voluntary or involuntary proceeding under the United States Bankruptcy Code, or (b) Bank is otherwise served with legal process which Bank believes affects funds deposited in the Blocked Account, Bank shall have the right to place a hold on funds deposited in the Blocked Account until such time as Bank receives an appropriate court order or other assurances satisfactory to Bank establishing that the funds may continue to be disbursed according to the instructions contained in this Agreement; provided that any such event shall not limit Bank's rights to terminate this Agreement pursuant to Section 13 hereof.

15.    **Court Orders; Indemnification.** Nothing contained in this Agreement shall prevent Bank from complying with any legal process or other order of a court of competent jurisdiction affecting funds in the Blocked Account. If, notwithstanding the issuance of any such order or legal process, Bank continues to perform its obligations in favor of Lender pursuant to this Agreement, Lender shall indemnify and hold harmless the Fleet Parties from and against any and all claims, demands, liabilities, actions, causes of action, losses and expenses (including, without limitation, attorneys' fees and court costs), both legal and equitable, incurred or sustained by Bank that arise from, or are related to, Bank's continued performance of its obligations under this Agreement.

16.    **Modification of Agreement.** This Agreement may not be modified, altered or amended, except by an agreement in writing, signed by each of the parties hereto.

17.    **Notices to Bank.** Notices required to be given to Bank pursuant to this Agreement shall be given by telephone, by facsimile _and_ by certified mail, return receipt requested, to the three notice parties set forth below and shall be effective upon confirmation of receipt by telephone and by facsimile by at least two of the three notice parties.

RM Name    Alden F. L. Harris

Fleet National Bank
100 Front Street, 20th Floor

Mail Stop: MA DE 28020A
Phone: (508) 770-7134
Fax:    (508) 770-7740

Donna Standon
Deposit Account Product Manager
Fleet National Bank
55 Challenger Road
Ridgefield Park, NJ 07660
Mail Stop: NJ RP 49302E
Phone: 201-229-5160
Fax:    201-329-9741

Cash Management Account Administration
Fleet National Bank
575 Pigeon Hill Rd
Windsor, CT 06095
Mail Stop CT EH 40701B
Phone: 860-725-2089
Fax: 1-800-391-0617

18.     **Notices to Lender and Depositor.**  Notices required to be given to Lender or Depositor pursuant to this Agreement shall be given in writing at the respective addresses set forth below and shall be effective upon receipt:

| Lender | Depositor |
|---|---|
| Thomas F. Furst, VP | Gitto Global Corporation |
| LaSalle Business Credit, Inc., LLC. | 140 Leominster-Shirley Road |
| 565 Fifth Avenue, Suite 27 | Lunenberg, MA. 01462 |
| New York, NY. 10017 | |

19.     **Severability.**  If a court of competent jurisdiction deems any part of this Agreement to be unenforceable, the parties agree that only the offending part shall be stricken and that the remaining parts shall be unaffected.

20.     **Choice of Law.**  This Agreement shall be governed by, and interpreted in accordance with, the laws of the Commonwealth of Massachusetts (the "Jurisdiction") without reference to its laws governing conflicts of law.

21.     **Governing Agreements.**  The duties and obligations of Bank hereunder shall be determined solely by the express provisions of this Agreement. Bank shall not be liable except for the performance of its duties and obligations specifically set forth in this Agreement, and no implied covenants or obligations on the part of Bank shall be read into this Agreement. In the event of a conflict between the terms and provisions of this Agreement, and the terms and provisions of any lockbox agreement, deposit account agreement or other agreement relating to the provision by Bank of depository or cash management services, the terms of this Agreement shall control but only to the extent necessary to resolve such conflict.

22.     **Independent Contractor.**  Lender and Depositor agree that, in performing the services under this Agreement, Bank will be acting as an independent contractor and not as an employer, employee, partner or agent of Lender or Depositor.

23.     **Miscellaneous Provisions.**  Bank may rely, and shall be protected in acting or refraining from acting, upon any communication (including but not limited to electronically confirmed facsimiles of communications) believed by it to be genuine and to have been signed or presented by the proper party or parties. Nothing contained in this Agreement, nor any course of dealing between or among the parties hereto, shall constitute a commitment or other obligation

by Bank to extend credit to Depositor or to Lender. The Bank may, but shall not be obligated to, use any reasonable means to record and/or retain any and all telephone conversations and/or data transmissions between or among the parties to this Agreement. This Agreement is for the benefit of the parties hereto and is not intended to grant, and shall not be construed as granting, any rights to or otherwise to benefit any third parties. This Agreement shall be binding upon, and shall inure to the benefit of, the successors and permitted assigns of the parties. This Agreement may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed and delivered shall be deemed to be an original, and all of which counterparts taken together shall constitute but one and the same instrument. Each of the parties hereto intends that a facsimile transmission of a duly executed counterpart shall be as valid, in all respects, as an original. This Agreement embodies the entire understanding and agreement of the parties hereto with respect to the subject matter hereof, and supercedes all prior agreements, understandings and inducements, whether express or implied, oral and written, on the subject matter hereof. No provision of this Agreement shall be construed against, or interpreted to the disadvantage of, any party hereto by any court or other governmental or judicial authority by reason of such party having, or being deemed to have, structured or dictated such provision.

24.    JURY TRIAL WAIVER.  TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, EACH OF THE PARTIES HERETO IRREVOCABLY WAIVES THE RIGHT TO TRIAL BY JURY IN ANY ACTION, SUIT, PROCEEDING OR COUNTERCLAIM OF ANY KIND ARISING OUT OF, OR IN ANY WAY RELATED TO, THIS AGREEMENT AND/OR THE BLOCKED ACCOUNT.  EACH PARTY ACKNOWLEDGES THAT THE FOREGOING WAIVER IS A MATERIAL INDUCEMENT TO EACH PARTY TO ENTER THIS AGREEMENT, AND THAT EACH PARTY IS RELYING UPON THE FOREGOING WAIVER IN ITS FUTURE DEALINGS WITH EACH OTHER PARTY WITH RESPECT TO THE SUBJECT MATTER HEREOF.  IN THE EVENT OF LITIGATION, THIS AGREEMENT MAY BE FILED WITHOUT AUTHENTICATION AS A WRITTEN CONSENT TO TRIAL BY THE COURT.



**IN WITNESS WHEREOF,** the parties hereto have caused this Agreement to be executed by their respective officers, each duly authorized, on the day and year specified at the beginning of this Agreement.

**DEPOSITOR**

_____Gitto Global Corporation_____

By: _Gary Mills_

Title: _PRESIDENT_

**LENDER**

_____LaSalle Business Credit, Inc. LLC_
A Delaware Limited Liability company, Successor by merger
To LaSalle Business credit, Inc., A Delaware Corporation
By: _____

Title: _Vice President_

**FLEET NATIONAL BANK**

By: _____

Title: _Senior Vice President_

**EXHIBIT B**

**Bank of America**

Bank of America
Middle Market Banking
MA6 331 20 01
100 Front Street
Worcester, MA 01608

Tel 508.770.7122
Fax 508.770.7740

September 20, 2004

Mr. Thomas F. Furst, Vice President
LaSalle Business Credit LLC
565 Fifth Avenue, Suite 27
New York, NY 10017

Dear Mr. Furst:

As you were made aware in a telephone conversation held with Denine Weldon on Thursday, September 16th, the Gitto Global Corporation depository account at Fleet is substantially overdrawn due to returns items associated with deposits made by the company earlier last week. To date, approximately $11,700,000.00 in returns have been presented to Fleet by one drawee bank for uncollected funds.

The depositor, Gitto Global, has not funded the overdraft as of close of business Friday September 17th, and attempts to contact Mr. Frank Miller, President, have not been successful.

Pursuant to Section 6 of the Third-Party Blocked Account Service Agreement, Fleet is hereby demanding LaSalle Business Credit, as Lender under the Agreement, to immediately fund the overdraft via wire transfer in the amount of $11,656,232.37.

The specific wiring instructions are:

Fleet National Bank
ABA: 011000138
Account:9429271277
Account Name: Gitto Global Corporation F/B/O LaSalle Business Credit
Attn: Denine Weldon, 508-770-7111

Please be advised that additional returned deposited items may be presented to Fleet, and we will expect LaSalle to cover any overdraft created by those returns, as well.

Thank you for your prompt attention to this matter.

Sincerely,

Alden Harris
Senior Vice President
Cc by fax to: Michael Alaberto, LaSalle Business Credit LLC (267) 386 8840

# COMMONWEALTH OF MASSACHUSETTS

**3**

Suffolk, ss

**Superior Court Department
of the Trial Court
Business Litigation Session**

|  |  |
|---|---|
| FLEET NATIONAL BANK,<br>**Plaintiff,** | )<br>)<br>) |
| v. | )<br>) |
| LaSALLE BUSINESS CREDIT LLC,<br>**Defendant.** | )<br>)<br>)<br>) |

04-4317 $\phantom{}$ . $\angle \cdot$ S.

Civil Action No.
_9-30-09
Allowed, J.)
(van Gostel)
Attest_

## <u>PLAINTIFFS' EX PARTE MOTION FOR A SPECIAL PROCESS SERVER</u>

Pursuant to Mass. R. Civ. P. 4(c), the plaintiffs hereby move for an Order appointing

Suvalle, Jodry, & Associates, or agents and officers of the same, as Special Process Server in the

above-captioned action for all purposes contemplated by the rule.  Services of process will be

made by a disinterested person over the age of 18.

. HEREBY ATTEST AND CERTIFY ON
<u>Oct. 19, 2004</u> THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY

    Asst.  Clerk.

Dated:  September 30, 2004

**Respectfully submitted,**

**FLEET NATIONAL BANK**
By its attorneys,

Joseph L. Demeo, BBO# 561254
Lawrence S. Delaney, BBO # 557063
Stephanie Taverna Siden, BBO# 643373
Demeo & Associates, P.C.
One Lewis Wharf
Boston, MA 02110
617-263-2600

NOTIFY                                                        *4*

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT
                                                CIVIL ACTION
                                                NO. 04-4317-BLS
                                                (Judge van Gestel)

FLEET NATIONAL BANK

vs.

LaSALLE BUSINESS CREDIT LLC

NOTICE OF ACCEPTANCE INTO
THE BUSINESS LITIGATION SESSION

This matter has been accepted into the Business Litigation Session.  It has been assigned to Judge van Gestel.

Hereafter, as shown above, all parties must include the initials "BLS" at the end of the docket number on all filings.  Also, Judge van Gestel's name must be included.

Counsel for the plaintiff(s) is hereby advised that within seven (7) days of the filing of an appearance, answer, motion or other response to the complaint by or on behalf of the defendant(s) which has been served with process within the time limitation of Mass. R. Civ. P. Rule 4(j), or such other time as may be modified by the Court, he or she shall send notice thereof to the Session Clerk, Business Litigation Session, Courtroom 6, Suffolk Superior Court, 90 Devonshire Street, Boston, MA 02109.

Upon receipt of such notice, the Court will issue a Notice of Initial Rule 16 Conference for purposes of meeting with all counsel to plan for the litigation and resolution of this matter. If possible, the Court requests counsel for the plaintiff(s) to confer with counsel for the defendant(s) and to suggest to the Court a range of dates available for all parties for this purpose and to include those dates in the notice.  The Court, however, retains the discretion to schedule the hearing at a time that fits within its own schedule.

Allan van Gestel, Presiding Justice
Business Litigation Session

DATED:        October 1, 2004

I HEREBY ATTEST AND CERTIFY ON
Oct. 19, 2004 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY
        Asst. Clerk.

# Commonwealth of Massachusetts

5

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-4317

Fleet National Bank _____ , Plaintiff(s)

v.

LaSalle Business Credit, LLC _____ , Defendant(s)
C/O CT Corporation System, 101 Federal Street, Boston, MA 02110

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Joseph L. Demeo, Demeo & Associates

plaintiff's attorney, whose address is One Lewis Wharf, Boston, MA 02110 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the 30th _____ day of September _____ , in the year of our Lord two thousand four _____ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
TORT — MOTOR VEHICLE TORT — CONTRACT — EQUITABLE RELIEF — OTHER

FORM CIV.P. 1 3rd Rev.

I HEREBY ATTEST AND CERTIFY ON

Oct. 19, 2004 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

Asst. Clerk.